900 F.2d 249
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James L. BRACKMAN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-2839.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 13, 1990.
Decided: April 4, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Charles T. Cunningham, United States Magistrate. (CA-89-206-5)
 Deborah K. Garton, Hensley, Muth, Garton and Hayes, Bluefield, W.Va, for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Jacquelyn Cusumano, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa; Michael W. Carey, United States Attorney, Gary L. Call, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James L. Brackman appeals the order of the magistrate affirming the Secretary of Health and Human Services's award of disability insurance benefits from October 22, 1984, to December 31, 1985. Brackman brought this action seeking disability benefits indefinitely rather than for a limited period of time. Because we find no error in the magistrate's order, we affirm. See Brackman v. Sullivan, No. CA-89-206-5 (S.D.W.Va. Sept. 27, 1989).
 
 
 2
 Brackman's claim rests on evidence of various physical and emotional maladies. He shot himself in 1984 and did substantial, permanent damage to his left arm so that he cannot return to any of his former jobs as a laborer. This much is not in dispute. There is disagreement, however, on the effect his emotional ailments have on his ability to find other work. Brackman presented evidence to an administrative law judge in two different hearings that indicates he suffers from bouts of alcohol abuse and ongoing personality and mood disorders. One doctor and one psychologist concluded that these problems preclude him from holding any of the jobs that a vocational expert testified were available to Brackman despite his arm injury. Several reports suggest that the stress of holding a job would only exacerbate his emotional difficulties. Brackman's wife and pastor concurred in this view.
 
 
 3
 In contrast, reports from one doctor and two psychologists state quite clearly that despite Brackman's problems he is readily able to work. Brackman did well after his injury in a year-long vocational program that required long hours of class work and nightly preparation. The program accepted him only after finding him stable enough to perform. Brackman testified that he drinks much less than he used to.
 
 
 4
 The ALJ found that although Brackman could not do his former work, he could perform jobs described by a vocational expert. The Appeals Council denied review of the ALJ's decision, making it the final decision of the Secretary.
 
 
 5
 Our review of the Secretary's decision is limited under 42 U.S.C. Sec. 405(g) to determining if the Secretary acted with the support of substantial evidence. We conclude that he did. Although the evidence is in sharp dispute, the Secretary and the ALJ chose to credit the evidence finding Brackman relatively stable and employable. There is sufficient support for that decision in the record. See Blalock v. Richardson, 483 F.2d 773, 775-76 (4th Cir.1972). Accordingly, we affirm the judgment entered by the magistrate.
 
 
 6
 AFFIRMED.